UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORWIN KYLE,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                 Case No. 1:20-cv-1030

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Corwin Kyle, proceeding pro se, has sued his former employer, the Michigan Department of Corrections (MDOC), and his former union, the United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW). Plaintiff alleges the following claims arising out of the termination of his employment on October 27, 2014: (1) a First Amendment retaliation claim under 42 U.S.C. § 1983; (2) violation of the Michigan Whistleblower Protection Act, Mich. Comp. Laws § 15.362; (3) wrongful discharge in violation of public policy; and (4) breach of contract/duty of fair representation.

        The MDOC has filed a motion to dismiss Plaintiff's claims, arguing that each one is barred by its respective statute of limitations. (ECF No. 6.) Plaintiff has failed to respond to the motion within the time provided under Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant

---

[1] Although Plaintiff is pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley*, No. 2:05-cv-773, 2006 WL 1697637,

to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion with regard to the First Amendment retaliation claim and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

### I. Background

Plaintiff was hired by the MDOC in April 1996 and entered into an employment contract with the MDOC pursuant to the UAW's collective bargaining agreement with the MDOC. (ECF No. 1 at PageID.2.) Plaintiff elected the UAW as his representation/bargaining unit. Plaintiff was originally hired as a Corrections Officer and remained in that position for eight years. Thereafter, he transferred to Benton Harbor/St. Joseph as a Probation Officer. The MDOC remained his employer, and the UAW remained his bargaining unit. (*Id.* at PageID.2–3.) In Benton Harbor/St. Joseph, Plaintiff initially worked as an Electronic Monitoring Agent but eventually became a Pre-Sentence Investigation (PSI) writer. (*Id.* at PageID.3.)

When Plaintiff became a PSI writer, he was told that he could write PSI reports for all of the judges except Judge Wiley. In addition, his supervisor, John Schultz, instructed him not to go into the community and make home calls. Plaintiff alleges that he followed that order for the entire time he was employed as a PSI writer. Amber Glendenning subsequently became Plaintiff's supervisor when Schultz retired. Glendenning continued the same restrictions (not assigning PSI reports to Plaintiff for Judge Wiley and precluding Plaintiff from going into the community). Plaintiff alleges that, in spite of this restriction, Glendenning told him that all PSI reports were required to contain a statement that "A home call was made by the PSI writer." Plaintiff alleges that he did not want to include that statement without making sure that the home existed, so he

---

at *1 (S.D. Ohio Mar. 23, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

drove by the offenders' reported homes on his own time to verify that the home existed. (*Id.* at PageID.4.)

Plaintiff alleges that on July 7, 2014, he saw a Berrien County Deputy Sheriff assault an African American male with a pair of handcuffs, and he reported the incident to a prosecutor and to Glendenning. After Plaintiff reported this incident, Glendenning began questioning Plaintiff about his reported PSI home calls. When Plaintiff orally responded to Glendenning, she told him to respond by email. Plaintiff believes that Glendenning initiated the home call inquiry after Plaintiff reported the assault. On August 18, 2014, Region Manager Omar Alston informed Plaintiff that he had begun an investigation and asked Plaintiff to complete a Disciplinary Investigation Questionnaire. (*Id.* at PageID.5.) On October 21, 2014, Plaintiff participated in a disciplinary conference. His employment was subsequently terminated, on October 27, 2014, for violating several MDOC work rules. (*Id.* at PageID.5–6.) Although Plaintiff filed a grievance against the MDOC through the UAW, the UAW representative assigned to his grievance withdrew it. (*Id.* at PageID.6–7.)

## II.  Discussion

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme

Court has held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

### A. Section 1983 Claim

The MDOC contends that Plaintiff's retaliation claim is barred by the statute of limitations. The statute of limitations is an affirmative defense that is generally resolved on a motion for summary judgment. Where, as here, an affirmative defense is apparent from the face of the complaint, a district court may dismiss the claim or complaint for failure to state a claim. *See Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Marsh v. Ford Motor Co.*, No. 89-3111, 1989 WL 113894, at *1 (6th Cir. Oct. 2, 1999) ("Dismissal of plaintiff's complaint based upon the affirmative defense of the statute of limitations was proper because it is obvious from the face of the complaint.") (citing *Yellen v. Cooper*, 828 F.2d 1471, 1475–76 (10th Cir. 1987)).

Claims brought in Michigan under 42 U.S.C. § 1983 must be brought within three years of the date of injury. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742

F.2d 262, 273 (6th Cir. 1984). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

Here, Plaintiff alleges that the MDOC retaliated against him for complaining about misconduct by a Berrien County Deputy Sheriff by terminating his employment in October 2014. Because the alleged retaliation was complete upon the termination, Plaintiff had reason to know of his injury at, or shortly after, his termination. Because Plaintiff did not file his complaint until October 27, 2020, his retaliation claim is clearly barred by the statute of limitations. Therefore, I recommend that the claim be dismissed.

  **B.** **State-Law Claims**

Dismissal of Plaintiff's Section 1983 retaliation claim will leave only state-law claims in the case. Although the MDOC contends that Plaintiff's claim for wrongful discharge/breach of contract/breach of the duty of fair representation should be construed as a claim under Section 301 of the Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. § 185, this assertion is incorrect. The LMRA incorporates the definitions of the National Labor Relations Act (NLRA), 29 U.S.C. § 152. Section 152(2) of the NLRA, which defines the term "employer" provides that the term "shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof . . . ." Thus, "[w]here a governmental employer is involved, federal jurisdiction over [a claim under Section 301] does not exist." *City of Saginaw v. Service Employees Int'l Union*, 720 F.2d 459, 462 (6th Cir. 1983) (citing *Ayres v. International Bhd. of Elec. Workers*, 666 F.2d 441, 444 (9th Cir. 1982), and *Crilly v. Southeastern Pa. Transp. Auth.*, 529 F.3d 1355 (3d Cir. 1976)); *see also Simpson v. United Auto Workers Local 6000*, 394 F. Supp. 2d 991, 999 (E.D. Mich. 2005) (holding that the MDOC was exempt from coverage under the LMRA). Thus, a federal court lacks jurisdiction when a public

employer is involved, even as to a claim that the union breached its duty of fair representation. *See Gant v. Peterson*, No. 12-cv-14721, 2013 WL 5770639, at *3 (E.D. Mich. Oct. 24, 2013) (holding that because the University of Michigan is exempt from the LMRA, the plaintiff could not assert a claim for beach of the duty of fair representation arising out of his employment with the university).

Because Plaintiff's remaining claims arise solely under state law, I recommend that the Court decline to exercise supplemental jurisdiction over them and dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should exercise its discretion and decline to hear state law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the litigation was just commenced, and Plaintiff may properly pursue his remaining claims in state court. *See Kelly v. City of New Philadelphia*, No.5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

### III.  Conclusion

For the foregoing reasons, I recommend that the MDOC's motion to dismiss (ECF No. 4) be **GRANTED** with respect to Plaintiff's First Amendment retaliation claim and that Plaintiff's remaining claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Dated: March 1, 2021                                        /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).